978 A.2d 915

IN THE MATTER OF JAMES C. EZEILO, AN ATTORNEY AT LAW.

September 15, 2009.

## ORDER

This matter have been duly presented to the Court pursuant to *Rule* 1:20–10(b), following a motion for discipline by consent in DRB 09–040, of **JAMES C. EZEILO,** formerly of **NEWARK,** who was admitted to the bar of this State in 1997;

And the District VA Ethics Committee and respondent having signed a stipulation of discipline by consent in which it was agreed that respondent violated *RPC* 1.1(a) (gross neglect), *RPC* 1.3 (lack of diligence), and *RPC* 1.16(d) (improper withdrawal from representation) and *RPC* 1.4(b) (failure to communicate with client);

And the parties having agreed that respondent's conduct violated *RPC* 1.1(a), *RPC* 1.3, *RPC* 1.4(b), and *RPC* 1.16(d), and that said conduct warrants a three-month suspension;

And the Disciplinary Review Board having determined that a three-month suspension is the appropriate discipline for respondent's ethics violations, which it determined did not include a violation of *RPC* 1.4(b), and having granted the motion for discipline by consent in District Docket No. VA–07–12E;

And the Disciplinary Review Board having submitted the record of the proceedings to the Clerk of the Supreme Court for the entry of an order of discipline in accordance with *Rule* 1:20–16(e);

And the Court having ordered respondent to show cause why the Court should accept the discipline by consent or why the Court should not take other action as it deems appropriate;

And the Court having considered the additional submissions of respondent and the Office of Attorney Ethics and having determined to accept the discipline by consent;

And good cause appearing;

It is ORDERED that **JAMES C. EZEILO,** formerly of **NEWARK** is hereby suspended from the practice of law for a period of three-months, effective immediately and until the further Order of the Court; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual

expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.